**US DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ALISON PATRICIA TAYLOR, on behalf of herself and a class of all others similarly situated,
    Plaintiffs,

v.

CITY OF SAGINAW and
TABITHA HOSKINS, sued in her official and individual capacities,
    Defendants
_____/

Case No.: 17-cv-11067
Honorable _____

**COMPLAINT
JURY DEMANDED**

**CLASS ACTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiffs
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
WITH MONEY DAMAGES FOR FOURTH AMENDMENT VIOLATIONS**

**INTRODUCTION**

    1.    The hue and cry of "that's the way we've always done it" does not turn an unconstitutional activity into a constitutional one. During the relevant period, parking enforcement officers of the City of Saginaw regularly marked (i.e. vandalized) parked vehicles within its jurisdictional limits to obtain information—the amount of time—a vehicle is parked on a City street to ultimately issue a government sanction starting at $15.00 and increasing from there. No law allows this local government or its parking enforcement officials to place anything—a mark or otherwise—on a private vehicle. Placing such on a private vehicle is the physical occupation of private property for the purpose of obtaining information, and is, under *United States v Jones*, an unconstitutional act when done without a warrant.

1

## PARTIES

2. Plaintiff ALISON PATRICIA TAYLOR is a resident of the County of Saginaw and a former resident of the City of Saginaw having received parking tickets with the use of marking 'chalk' placed on her vehicles by a parking enforcement officer with the City of Saginaw without permission or authority or the existence of any exigent circumstances..

3. Defendant CITY OF SAGINAW is a municipal corporation formed under the laws of the State of Michigan.

4. Defendant TABITHA HOSKINS is a state actor under law serving as a City of Saginaw's parking enforcement official who is sued in her individual and official capacity.

## JURISDICTION

5. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief together with monetary damages against Defendant CITY OF SAGINAW and Defendant TABITHA HOSKINS for violations of the Fourth Amendment of the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

7. Venue is proper in this Court as Defendants conducts their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff ALISON PATRICIA TAYLOR owns or has owned two vehicles since 2014—a Toyota 4Runner and Mercury Mountaineer.

9. The Toyota 4Runner was registered with Michigan license plate number CFL0326

10. The Mercury Mountaineer was and is registered with Michigan license plate number BAS970.

11. Since 2014, Plaintiff ALISON PATRICIA TAYLOR has received fourteen (14) parking tickets for allegedly exceeding the time limit of a parking spot.

12. Copies of these tickets are collectively attached hereto as Exhibit A1 through A14.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13. Each and every of these fourteen (14) parking tickets were issued by Defendant TABITHA HOSKINS, the most prolific issuer of parking tickets for Defendant CITY OF SAGINAW.

14. Each ticket was noted with a date and time Plaintiff ALISON PATRICIA TAYLOR's Toyota 4Runner and Mercury Mountaineer was "marked"—the placement of a chalk-like substance on one of the four tires attached to Plaintiff ALISON PATRICIA TAYLOR's vehicles.

15. Defendant TABITHA HOSKINS immediately photographed Plaintiff ALISON PATRICIA TAYLOR's Toyota 4Runner and Mercury Mountaineer right after she placed a chalk-like mark upon Plaintiff ALISON PATRICIA TAYLOR's vehicles.

16. Copies of those photographs (usually two or three in number) accompany most parking tickets attached hereto as Exhibit A1 through A14.

17. On information and belief, parking enforcement officials from Defendant CITY OF SAGINAW (including Defendant TABITHA HOSKINS) regularly and systematically use the placement of a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of numerous parking tickets throughout the territorial limits of the City of Saginaw.

18. It is the official custom and practice of Defendant CITY OF SAGINAW for its parking enforcement officials (including Defendant TABITHA HOSKINS) to use this methodology of placing a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of parking tickets through the territorial limits of the City of Saginaw.

## CLASS ALLEGATIONS

19. This action is brought by the Plaintiff ALISON PATRICIA TAYLOR individually and on behalf of individuals during the relevant statutorily-limited time period who were subject to the unconstitutional methodology of the placement of a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of thousands of parking tickets through the territorial limits of the City of Saginaw.

20. The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

21. There are clear questions of law and fact raised by the named Plaintiff's claim common to, and typical of, those raised by the Class she seeks to represent.

22. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

23. Plaintiff ALISON PATRICIA TAYLOR, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

24. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

25. Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class, necessitating declaratory and injunctive relief for the Class.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983

26. Under *US v Jones*, when the government physically occupies private property for the purpose of obtaining information, it is a search within the meaning of the Fourth Amendment requiring the issuance of a search warrant pursuant to law.

27. The present case involves governmental actors engaging in more than naked-eye surveillance of private property.

28. The surreptitious placement of chalk marks on private vehicles (without a valid warrant, consent of its owners, or exigent circumstances) undertaken to physically place a device on private property to gather information as well as conducting non-overt surveillance on the movement or non-movements of vehicles violates the Fourth Amendment to the United States Constitution.

29. The placement of chalk-like marks on private vehicles (without a valid warrant, consent of its owners, or exigent circumstances) undertaken to physically place an apparatus on private property to gather information as well as conducting surveillance on the movement or non-movements of vehicles is a policy, custom, and/or practice of Defendant CITY OF SAGINAW sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

30. Plaintiff ALISON PATRICIA TAYLOR and Class members have experienced constitutional and monetary harm by the unconstitutional processes and procedures undertaken by and/or is a policy, custom, and/or practice of Defendants.

31. The conduct of Defendants was reckless and undertaken with complete in indifference to Plaintiff ALISON PATRICIA TAYLOR's and the Class members' federal rights to be free from violations of the Fourth Amendment to the United States Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

## RELIEF REQUESTED

32.    WHEREFORE, Plaintiff ALISON PATRICIA TAYLOR, on her behalf and on behalf of all defined Class members, respectfully requests this Court to—

    a.    Enter an order certifying this case as a Class Action;

    b.    Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

    c.    Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fourth Amendment to the United States Constitution.

    d.    Enter an order for damages in the amount of full refunds, with interest, of all fines obtained by Defendants by its illegal actions;

    e.    Enter an order for an award of punitive damages;

    f.    Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988, Fed R Civ P 23(h), and all other applicable laws, rules, or statutes; and

    g.    Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

33.    For all triable issues, a jury is hereby demanded.

Date: April 5, 2017

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
4855 State Street, Suite 6A
Saginaw, MI 48603
(989) 249-0350
matthewgronda@gmail.com