# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ALISON PATRICIA TAYLOR,

                Plaintiff,

vs.

CITY OF SAGINAW and TABITHA HOSKINS,

                Defendant.
_____/

Case Number 17-cv-11067

Honorable Thomas L. Ludington

## ORDER DIRECTING DEFENDANTS' ANSWER OR RESPONSIVE BRIEFING

On April 5, 2017, Plaintiff Alison Taylor filed a complaint alleging that the City of Saginaw's practice of placing a chalk mark on parked cars while enforcing parking regulations violated the Fourth Amendment. ECF No. 1. Taylor named the City of Saginaw and Tabitha Hoskins, a City of Saginaw parking enforcement official, as Defendants. After Taylor filed an amended complaint, ECF No. 9, Defendants filed a motion to dismiss. ECF No. 10. The Court determined that even if a search had occurred, the search was reasonable under the community caretaking exception. ECF No. 14. Accordingly, Defendant's motion was granted and Plaintiff's complaint dismissed. *Id.*

Plaintiff appealed and on April 22, 2019, the Sixth Circuit issued an opinion remanding the case. ECF No. 19. The Sixth Circuit concluded that chalking a tire is a search, but that it "chalk[ed] this practice up to a regulatory exercise, rather than a community-caretaking function" but then reversed. *Id.* at 2.

Three days later, the Sixth Circuit docketed an "Amended Opinion." ECF No. 20. The amended opinion did not provide an explanation for the amendment nor why the original opinion

required amending. The only difference between the two opinions was an additional paragraph at the end of the amended opinion which provided:

> Taking the allegations in Taylor's complaint as true, we hold that chalking is a search under the Fourth Amendment, specifically under the Supreme Court's decision in *Jones*. This does not mean, however, that chalking violates the Fourth Amendment. Rather, we hold, based on the *pleading stage of this litigation*, that two exceptions to the warrant requirement—the "community caretaking" exception and the motor-vehicle exception—do not apply here. Our holding extends no further than this. *When the record in this case moves beyond the pleadings stage, the City is, of course, free to argue anew that one or both of those exceptions do apply, or that some other exception to the warrant requirement might apply.*

*Id.* at PageID.241 (emphasis added).

On July 23, 2019, the Court held a status conference with the parties to discuss the forward progression of the case on remand. However, it became readily apparent that there were differences of opinion concerning the interpretation of the Sixth Circuit's decision and therefore, the appropriate proceedings on remand. Accordingly, it was determined that the parties' interpretations of the opinion should be recorded by briefing and ultimately, resolved because reasonable minds could disagree as to the proper interpretation of the opinion and application of the doctrine of law of the case. The parties subsequently filed supplemental briefing on the issues.

The parties' briefing indicate that questions regarding the Sixth Circuit's opinion remain. Resolution of these different questions are necessary as there are questions of law and fact that remain.

**I.**

*Does the common practice of chalking the tires of parked vehicles constitute a search under the Fourth Amendment in the absence of a warrant for the search?*

The Sixth Circuit concluded that "yes, chalking is a search for Fourth Amendment purposes." ECF No. 20 at 4. It reiterated this in its conclusion when it held that "chalking is a

search under the Fourth Amendment, specifically under the Supreme Court's decision in *Jones*." *Id.* at 10. Accordingly, the issue is resolved as a matter of the law and thus, no further factual development or discovery will be authorized to address this question.

## II.

*What legal and factual conclusions remain on remand concerning the exceptions to the warrant requirement?*

### A.

### Administrative Search

Defendant contends that the Sixth Circuit's "opinion and order…specifically states that the activity amounts to a *regulatory* practice." ECF No. 29 at PageID.275 (emphasis in original). Defendant's suggestion, at least as understood by this Court, is that Defendant should be permitted to renew its motion to dismiss with specific attention to the administrative exception to the warrant requirement and that the motion should be granted. Indeed, the Sixth Circuit did conclude that "we chalk this practice up to a regulatory exercise rather than a community-caretaking function" which on its face appears as a conclusion of law. ECF No. 20 at 2.

But importantly, shortly after asserting that the warrantless search was authorized as a regulatory search, the Sixth Circuit concluded that the trial court's decision should be reversed, explaining in a footnote that the "City also argued that the search fell within the administrative search exception" but, nevertheless, did "not raise this on appeal" - therefore the Court of Appeals did not "address it here." *Id.* Accordingly, while the parties will be permitted an opportunity in discovery to develop the exception, there does not appear to be any prohibition as a matter of the law of the case in advancing the argument once again in a motion for summary judgment. That is

to say, there is nothing in the Court of Appeals' opinion to suggest that the argument is now waived on remand by failing to raise the argument on the parties' first trip to the Court of Appeals.

## B.

### Motor-Vehicle and Community Caretaker Exceptions

Plaintiff contends that by reversing this Court's earlier decision, the Sixth Circuit concluded that Plaintiff does state a viable legal claim. And, in fact, the Sixth Circuit did conclude that "the two exceptions to the warrant requirement – the 'community caretaking' exception and the motor-vehicle exception – do not apply here." *Id.* at 10. However, the Sixth Circuit also suggested that it did not reach these conclusions as matters of law, but based on the lack of factual development of the claims ("Rather, we hold, based on the pleading stage of this litigation…") *Id.* That is, something about the practice of chalking needed further factual development before the legal questions were ripe for attention. And importantly, the Sixth Circuit further held that "the City is, of course, free to argue anew that one or both of the exceptions do apply, or that some other exception 'to the warrant requirement might apply," "when the record in this court moves beyond the pleading stage." *Id.* Again, the Sixth Circuit concluded that while the "community caretaking" exception and the motor-vehicle exception do not apply, it was only for purposes of considering the motion to dismiss. The arguments, however, are not waived and can be reasserted by the Defendants after further "factual development."

## III.

There was, in addition, some discussion at the status conference about the type of damages Plaintiff's counsel thought was appropriate (refunding of parking ticket fees to the Plaintiffs who may have in fact over-parked their allotted time notwithstanding the focus in the case to date on

the Defendant's practices) and the propriety of Rule 23 certification, but it was concluded that the issues would be left to future motion practice.

Accordingly, Defendants are **ORDERED** to file an answer or responsive pleading to Plaintiff's complaint on or before **September 18, 2019**.

Dated: August 27, 2019	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge