US DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALISON PATRICIA TAYLOR, et al,
    Plaintiffs,

v.

CITY OF SAGINAW, et al,
    Defendants
_____/

Case No.: 17-cv-11067
Honorable Thomas L. Ludington

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

O'NEILL, WALLACE & DOYLE, PC
GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants,
300 St. Andrews Dr, Suite 302
Saginaw, MI 48638
(989) 790-0960
gregmair@owdpc.com
kpiper@owdpc.com

### MOTION TO STRIKE AFFIRMATIVE DEFENSES

NOW COMES Plaintiff ALISON PATRICIA TAYLOR, by and through counsel, and moves to strike the affirmative defenses pursuant to FRCP 12(f) for failing to plead affirmative defenses (**ECF No. 32, PageID.294-297**) in a manner that meets the *Twombly* standard. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008). Additionally, other

1

remaining affirmative defenses are insufficient defenses pursuant to FRCP 12(f) as outlined below.

Plaintiff, by counsel, sought concurrence with opposing counsel by email and no concurrence was provided. See E.D. Mich. LR 7.1(a).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should the challenged affirmative defenses
be struck pursuant to FRCP 12(f)?

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**CONTROLLING / APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

FRCP 12(f)

*Safeco Ins. Co. of Am. v. O'Hara Corp.*,
2008 WL 2558015 (E.D. Mich. June 25, 2008)

*Johnson v. City of Saginaw*,
2018 U.S. Dist. LEXIS 169236 (E.D. Mich. 2018)

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## BRIEF IN SUPPORT

This case involves a challenge to the practice of chalking tires for parking enforcement as being a violation of the Fourth Amendment. After this case was returned to this Court from the Sixth Circuit, Defendants filed an answer with 31 affirmative defenses. Of those pled, most are not sufficient to pass Rule 12(f)'s bar on improper defenses. Moreover, the affirmative defenses have not been pled to meet the *Twombly* standard. As such, Defendants' affirmative defenses must be struck pursuant to FRCP 12(f).

## ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This motion is properly granted when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d 1045, 1050 (6th Cir. 2015). Moreover, it is Plaintiff's position that the heightened pleading rules applicable to complaints as outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) [hereinafter the "*Twombly* standard"] apply to pleading affirmative defenses. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008). Any assertion otherwise runs contrary

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

to the similar pleading language of the court rule. FRCP 8(c) (defendant must plead any "matter constituting an avoidance or affirmative defense"). For purposes of this litigation, Plaintiff takes the position that Judge Cleland in *Safeco* is correct. The Court is requested to adopt the same. After all, what is good for the goose (plaintiffs) is good for the gander (defendants). Numerous courts support Plaintiff's suggestion. *Riemer v. Chase Bank USA*, 274 F.R.D. 637, 640 fn.3 (N.D. Ill. 2011) (stating that more than one hundred federal cases have decided on whether the standard applies to affirmative defense pleading); *J&J Sports Productions, Inc. v. Mendoza-Govan*, 2011 U.S. Dist. LEXIS 47075, 2011 WL 1544886 (N.D.Cal. 2011); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) ("the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses"); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Tracy ex rel. v. NVR, Inc.,* No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

"plainly deficient under the *Iqbal* standard"); *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 U.S. Dist. LEXIS 74683, 2009 WL 2488302, at *2-4 (S.D. Fla. Aug. 13, 2009) (applying *Twombly* to affirmative defenses); *Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 U.S. Dist. LEXIS 20850, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); *Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-cv-335-jps, 2008 U.S. Dist. LEXIS 75147, 2008 WL 4443805, at *1-2 (W.D. Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 U.S. Dist. LEXIS 83135, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (applying *Twombly* pleading specificity standard to affirmative defenses); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, 2008 WL 2225668, at *2, (S.D. Fla. May 28, 2008) (citing *Twombly* as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 2011 WL 133014 (N.D. Ill. Jan. 14, 2011); *United States v. Quadrini*, No. 2:07-CV-

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13227, 2007 U.S. Dist. LEXIS 89722, 2007 WL 4303213, at *3-4 (E.D. Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses); *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) ("While the Seventh Circuit has not addressed whether the *Twombly–Iqbal* standard applies to affirmative defenses, judges in this district have generally found these requirements to apply"); *Monster Daddy LLC v. Monster Cable Prods., Inc.*, No. 6:10-1170-HMH, 2010 WL 4853661, at *8 (D.S.C. Nov. 23, 2010) ("The court is persuaded that the pleading standard established in *Twombly* and *Iqbal* applies to affirmative defenses and adopts the majority view. Applying the plausibility standard to Monster Cable's affirmative defenses, the court finds that they are insufficiently pleaded.").

This Court should join the majority view as well, strike the affirmative defenses in ECF No. 32 as not meeting the *Twombly* standard, and order Defendants to amend their pleading and refile within a reasonable amount of time to meet the *Twombly* standard. "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation marks omitted)). Requiring this standard

resolves the pleading everything-including-the-kitchen-sink problem in full, and prevents future fights for unanswerable discovery.

The root of the problem is nearly all of the over two dozen affirmative defenses were pled without an actual factual and/or legal basis or are not actually affirmative defenses. An affirmative defense is something specific— "a defendant's assertion raising *new* facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, *even if all allegations in the complaint are true.*" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003). In other words, it is when a matter is asserted by a defendant which, *assuming the claims in the complaint to be true*, constitutes a defense to a claim made by plaintiff. Not all defenses are affirmative defenses. For example, claiming a plaintiff cannot meet its own burden is not affirmative defense. Moreover, Defendants have the burden of proof of any affirmative defense raised. E.g. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

Here, Defendants have thrown into contention all sorts of what it labels as "affirmative defenses" which are not or could not be relevant affirmative defenses. They pled boilerplate, irrelevant assertions under the label of "affirmative defenses." As this District's own Judge Cleland explained, "boilerplate defenses clutter the docket and, further, create unnecessary

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9

work." *Safeco, supra*. "Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution." *Id. Safeco* further confirmed that "Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later." *Id.* "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).[1]

### Not Affirmative Defenses

There is no factual or legal basis as affirmative defenses for Nos. 1, 5, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31. Many of the vaguely pled affirmative defenses are not affirmative defenses at all. This type of assertion is nothing more than Defendants

---

[1] Undertaking this wasteful practice of kitchen-sinking affirmative defenses is also sanctionable. In *Gargin v. Morrell*, 133 F.R.D. 504 (E.D. Mich. 1991) from our same district, the federal judge imposed Rule 11 sanctions regarding an attorney who pled affirmative defenses which were based only upon "concern" that defenses might apply and without a then-existing factual basis. The *Gargin* Court went on to explain that "[t]he liberal amendment policy of the Federal Rules is such as to permit an amendment [to add an affirmative defense] IF DISCOVERY REVEALS FACTS WHICH WOULD SUPPORT SUCH DEFENSES." (capitalization in original).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

claiming Plaintiff not having proved essential element(s) of a claim and is not an affirmative defense, and should be stricken. *Johnson v. City of Saginaw*, 2018 U.S. Dist. LEXIS 169236 (E.D. Mich. 2018), at *10. "An assertion that Plaintiff has not proved essential elements of [a] claim is not an affirmative defense and should be stricken." *Id.,* at *9 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 612 (S.D. Cal. 2013) and *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D.Ill. 2015)). Therefore, affirmative defenses nos. 1, 5, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 should be struck.

### *Affirmative Defense No. 2*

Affirmative defense no. 2 claims statute of limitations as a defense. Plaintiff filed suit in April 2017. The earliest disputed tickets occurred on July 10, 2014 (**Exhibit A-12**)—less than three years before the suit. Section 1983 claims from Michigan generally have a three-year statute of limitations. E.g. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). There is no possible legal or factual basis for this affirmative defense. The operative time frame does not exceed three years.

### *Affirmative Defense No. 3*

Affirmative defense no. 3 claims the lawsuit is barred by *Rooker-Feldman* doctrine. For *Rooker-Feldman* to apply, one must be seeking to set

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

11

aside a prior *state court judgment*. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the plaintiff's injury is *the state-court judgment itself*, then the *Rooker-Feldman* doctrine bars the federal claim. If there is some other source of injury, then the plaintiff asserts an independent claim."). Plaintiff does not have any prior state court judgment that she is looking to set aside in this case. If Defendants have some other information on the same, it should be pled. *Safeco, supra*.

### *Affirmative Defense No. 4*

Affirmative defense no. 4 defends on the *Heck* doctrine yet fails to explain, even minimally, how it applies when the City has taken the position that civil infractions are not crimes. This fails specifically to meet the *Twombly* pleading standard.

### *Affirmative Defense No. 7*

Affirmative defense no. 7 pleads that damages were the result of Plaintiff's own actions but fails to pled what actions were wrong. Plaintiff believes this is a frivolous assertion with no basis in law or fact. Moreover, this vague assertion fails specifically to meet the *Twombly* pleading standard.

### *Affirmative Defense No. 8*

Affirmative defense no. 8 pleads that the proofs "may show" that any damages sustained were cause by the intervening acts of others or third parties. The defense fails to explain what acts or who are the others. Plaintiff is not aware of any. This fails specifically to meet the *Twombly* pleading standard.

### *Affirmative Defense No. 9*

Affirmative defense no. 9 pleads that Plaintiff has unclean hands. The defense fails to plead who or why Plaintiff has unclean hands as to Defendants' alleged unconstitutional actions. This too fails specifically to meet the *Twombly* pleading standard.

### *Affirmative Defense No. 31*

Lastly, affirmative defense no. 31 asserts that "Defendants hereby give notice that should discovery support them, Defendants intend to rely on such other affirmative defenses as may be applicable, including and not to after acquired evidence." This reservation is improper because it subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading should the need arise. *Johnson, supra*, at *10-11. It too should be struck.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to enter an order striking the affirmative defenses for failing to be pled to meet the *Twombly* standard and also for all the alternate reasons outlined by the above-briefing.

Date: September 18, 2019    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

**CERTIFICATE OF SERVICE**

    I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: September 18, 2019　　　　RESPECTFULLY SUBMITTED

<u>/s/ Philip L. Ellison</u>
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Co-Counsel for Plaintiff