# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ALISON PATRICIA TAYLOR,

                    Plaintiff,

vs.

CITY OF SAGINAW and TABITHA HOSKINS,

                    Defendants.

                              Case Number 17-cv-11067

                              Honorable Thomas L. Ludington

_____/

## ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Fourth Amendment to the United States Constitution prohibits state officers from conducting a search of its citizens and their property subject to two primary exceptions. First, the state officers may conduct the search if they obtain a search warrant supported by probable cause and issued by a neutral and detached judge or magistrate. Second, the state officers may conduct the search if a judicially determined exception exists to the warrant requirement. As explained in Justice Harlan's concurring opinion in *Katz*, the Fourth Amendment is intended to protect citizens' actual expectations of privacy "that society is prepared to recognize as 'reasonable.'" *Katz v. U.S.*, 389 U.S. 347, 361 (1967). The immediate case was particularly influenced by the decision of the United States Supreme Court in *U.S. v. Jones*, 565 U.S. 400 (2012). In *Jones*, law enforcement officers installed a GPS device on a target's vehicle to monitor the vehicle's movements without obtaining a warrant. The Court concluded that the "Government trespassorily inserted the information-gathering device" and accordingly, its actions constituted a search. *Id.* at 410.

Plaintiff in this case, Alison Taylor, brings her claim under Section 1983 on behalf of herself and on behalf of all others similarly situated. Ms. Taylor alleges that she received fourteen

parking tickets because of law enforcement's "unconstitutional methodology of the placement of a chalk mark on one of the four tires" of her vehicle to substantiate that she used the parking places longer than permitted by law. ECF No. 9 at PageID.73. The chalking of her tires (not parking her vehicle longer than permitted), she suggests, was a trespass equivalent to that in *Jones* that was conducted without a warrant and without an exception to the warrant requirement.

Defendant moved to dismiss the case. This Court agreed that a search was conducted, surveyed the exceptions to the warrant requirement, and concluded that the community-caretaker exception reasonably applied to the case. ECF No. 14. Plaintiff appealed. The Sixth Circuit agreed that a search within the meaning of the Fourth Amendment was conducted, but that it "chalk[ed] this practice up to a regulatory exercise, rather than a community-caretaking function." ECF No. 19 at 2. But that was not the end.

Three days later, the Sixth Circuit docketed an "Amended Opinion." ECF No. 20. The amended opinion did not provide an explanation for the amendment nor why the original opinion required amending. The only apparent difference between the two opinions was the addition of a paragraph at the end of the amended opinion which provided:

> Taking the allegations in Taylor's complaint as true, we hold that chalking is a search under the Fourth Amendment, specifically under the Supreme Court's decision in *Jones*. This does not mean, however, that chalking violates the Fourth Amendment. Rather, we hold, based on the *pleading stage of this litigation*, that two exceptions to the warrant requirement—the "community caretaking" exception and the motor-vehicle exception—do not apply here. Our holding extends no further than this. *When the record in this case moves beyond the pleadings stage, the City is, of course, free to argue anew that one or both of those exceptions do apply, or that some other exception to the warrant requirement might apply.*

*Id.* at PageID.241 (emphasis added).

The case was reopened and Defendants were directed to file an answer or responsive pleading to Plaintiff's complaint by September 18, 2019. ECF No. 31. Defendants filed their

answer on September 17, 2019. ECF No. 32. And if the objective of the remand was to provide an opportunity for expensive discovery, the parties are delivering. First up is Defendants' answer, which contained thirty-one denominated affirmative defenses. Plaintiff subsequently filed a motion to strike all thirty-one affirmative defenses. ECF No. 34.

The Court ordered the parties to meet and confer to determine which affirmative defenses Defendants would be willing to withdraw. ECF No. 39. Defendants filed supplemental briefing, withdrawing affirmative defenses 1, 3, 4, 8, 10, 15, 27, 28, and 30. ECF No. 42 at PageID.422. Affirmative defenses 2, 5, 6, 7, 9, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, and 31 remain.

## I.

### A.

Federal Rule of Civil Procedure 8(a) addresses the requirements for a complaint. It requires that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought…" Fed. R. Civ. Pr. 8(a). The pleader need not provide "detailed factual allegations", but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Rule 11, which applies to all pleadings, including complaints and responsive pleadings, provides, "By presenting to the court a pleading…an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances…it is not being presented for any improper purpose,…the claims, defenses, and other legal contentions are warranted by existing law[,]…[and] the factual contentions have evidentiary support…" Fed. R. Civ. Pr. 11(b). Any party violating the rule, including a defendant presenting affirmative defenses, exposes itself to the possibility of sanctions under Rule 11(c).

**B.**

After a plaintiff has filed a complaint, there are at least three avenues by which a defendant may respond: a motion to dismiss attacking the legal adequacy of the plaintiff's complaint, a responsive pleading denying the factual allegations of the plaintiff's complaint, and the presentation of affirmative defenses which allege additional facts mitigating the legal significance of the plaintiff's complaint.

**1.**

Prior to filing an answer, a party may file a motion to dismiss under Rule 12(b) for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, or failure to join a party. Fed. R. Civ. Pr. 12(b). Regarding specifically Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the pleading is to be construed in the non-movant's favor and the allegations of facts accepted as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

**2.**

A party may also present defenses by filing an answer to the complaint. When filing an answer, Rule 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it…" Fed. R. Civ. Pr. 8(b). A denial

of an allegation is an attack on the substance of plaintiff's prima facie case. It seeks "to disprove one or all of the elements of a complaint." *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (internal quotation marks and citation omitted). It is the "equivalent of a defendant saying, 'I did not do it.'" *F.T.C. v. Think All Pub.L.L.C.*, 564 F.Supp.2d 663, 665 (E.D. Tex. 2008).

**3.**

In contrast, an affirmative defense "raises matters outside the scope of plaintiff's prima facie case." *Instituto Nacional de Comercializacion Agricola v. Cont. Ill. Nat'l. Bank & Trust Co.*, 576 F.Supp. 985, 991 (N.D. Ill. 1983) (quotations omitted). It is any set of facts other than those alleged by the plaintiff which, if proven, would defeat or mitigate the legal consequences of the defendant's conduct for which the defendant would have the burden of proof. *See Martin v. Weaver*, 666 F.2d 1013, 1019 (6th Cir. 1981) ("The burden of proving an affirmative defense by a preponderance of the credible evidence is on the party asserting the defense."). Rule 8(c) governs affirmative defenses and provides:

> **(1) *In General*.** In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

Fed. R. Civ. Pr. 8(c)(1).

The pleading standard for affirmative defenses is not consistent throughout federal district courts. Some courts have held that affirmative defenses should be held to the heightened pleading standard outlined in *Bell Atlantic v. Twombly*, requiring a complaint to contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 554, 570 (2007); *see Microsoft Corp. v. Lutian*, 2011 WL 4496531, at *2 (N.D. Ohio Sept. 27. 2011); *HCRI TRS Acquirer, LLC v. Iwer*,

708 F.Supp. 2d 687, 691 (N.D. Ohio 2010); *Shinew v. Wszola*, 2009 WL 1076279, at *4-5 (E.D. Mich. 2009). These courts have reasoned that

> [W]hat is good for the goose is good for the gander and…it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.

*Racick v. Dominion Law Associates*, 270 F.R.D. 228, 233 (E.D. N.C. Oct. 6, 2010) (quotation omitted). They have also noted that "[b]oilerplate defenses clutter the docket and…create unnecessary work" in addition to increasing the amount of discovery. *Safeco Ins. Co. of Am. v. O'Hara Corp*, 2008 WL 2558015, *1 (E.D. Mich. June 25, 2008).

However, other courts have declined to hold affirmative defenses to the heightened *Twombly* and *Iqbal* standard. They reason that the standard is not applicable to affirmative defenses because Rule 8(c) governing affirmative defenses is too dissimilar to Rule 8(a) governing complaints. *See First Nat. Ins. Co. of America v. Camps Services, Ltd.*, 2009 WL 22861, *2 (E.D. Mich. Jan. 5, 2009) ("*Twombly* raised the requirements for a well-pled complaint under Fed. R. Civ. P. 8(a)'s 'short and plain statement' requirement…No such language, however, appears within Rule 8(c), the applicable rule for affirmative defenses.") (citation omitted); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, 2014 WL 4715532, at *3 (E.D. Mich. Sept. 22, 2014); *Meyers v. Village of Oxford*, 2019 WL 653807 (E.D. Mich. Feb. 15, 2019).

The heightened *Twombly* and *Iqbal* standard should, in the Court's view, also apply to the affirmative defense. Despite the differences in the language of Rule 8(a) and Rule 8(c), it is reasonable to hold plaintiffs and defendants to the same heightened pleading standard. For similar reasons, a defendant's affirmative defense presents a claim like a plaintiff's complaint. Accordingly, both should be held to a reciprocal standard.

**C.**

Plaintiff has filed a motion to strike Defendants' affirmative defenses. ECF No. 34. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pr. 12(f). "A motion to strike an affirmative defense is properly granted when 'plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Meyers v. Village of Oxford*, 2019 WL 653807 at *1 (E.D. Mich. Feb. 15, 2019) (quoting *Operating Engineers Local 324 Health Care Plan v. G&W Construction Co.*, 783 F.3d 1045 (6th Cir. 2015)). However, the Sixth Circuit has also noted that "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan* 783 F.3d at 1050.

A motion to strike differs from a motion to dismiss. Affirmative defenses should not be stricken for any of the bases articulated in Rule 12(b) because Plaintiff has not brought a motion under Rule 12(b), but instead under 12(f). Accordingly, they are only stricken for the reasons provided in Rule 12(f). This does not preclude Plaintiff from seeking dismissal of the defenses later as provided under the Federal Rules of Civil Procedure.

**II.**

Affirmative defenses 2, 5, and 11 will not be stricken. The remaining nineteen affirmative defenses will be stricken.

**A.**

**2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.**

Federal Rule of Civil Procedure 8 provides, "[A] party must affirmatively state any avoidance or affirmative defense, including…statute of limitations." Fed. R. Civ. Pr. 8(c)(1). The

second affirmative defense is a statute of limitations defense and accordingly, complies with Rule 8(c)(1).

> **5.  Plaintiff was advised of her rights, waived them and pled responsible/guilty to the ordinance violations that are the subject of Plaintiff's Complaint.**

The fifth affirmative defense will not be stricken because it pleads facts (presumably Plaintiff's waiver of her rights by paying her parking ticket) other than those alleged by the plaintiff which, if proven, could defeat or mitigate the legal consequences of the Defendants' conduct.

> **11.  Plaintiff has failed to mitigate her damages in this matter.**

The eleventh affirmative defense presents an adequate defense because a plaintiff has a duty to mitigate their damages. *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) ("In a §1983 case the plaintiff has a duty to mitigate damages.").

**B.**

> **6.  That Defendant Hoskins is entitled to qualified immunity.**

The sixth affirmative defense does not present an affirmative defense because qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985). The doctrine protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The existence of qualified immunity turns on the question of whether a defendant's action violated clearly established law. *Id*. at 243–44. "This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Id*. at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614, (1999). "To be clearly established, a right must be sufficiently clear 'that every reasonable official would [have understood] that what he is doing violates that right.'" *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Defendants have not pled how or why qualified immunity makes Defendant Hoskins immune from suit. Such a plea of qualified immunity may be presented by motion, not as an affirmative defense.

> **7.     Any damages Plaintiff claims to have suffered were the result of Plaintiff's own acts or actions, thereby barring Plaintiff's claim in whole or in part.**

The seventh affirmative defense does not meet the *Twombly* and *Iqbal* standard because it does not contain sufficient factual information. Defendants are presumably presenting some form of a proximate cause or contributory negligence argument, but they do not furnish any facts to support such a claim.

> **9.     Plaintiff does not have clean hands and, therefore, is not entitled to equitable relief in this matter.**

Presumably, Defendants are referring to the equitable principal of clean hands. The Supreme Court has held that:

> "[H]e who comes into equity must come with clean hands." This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant…[W]hile equity does not demand that its suitors shall have led blameless lives, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945) (quotations and citations omitted).

Defendants provide no explanation or details concerning how Plaintiff is "tainted with inequitableness or bad faith." Like the seventh affirmative defense, the ninth lacks sufficient information to give Plaintiff or the Court any notice as to what Defendants are actually contending.

**12.  Plaintiff [sic] claims for injunctive relief are moot.**

The twelfth affirmative defense is devoid of any factual information. It provides no insight regarding Defendants' opposition to Plaintiff's claim for injunctive relief. Plaintiff's Amended Complaint asks the Court to "Enter an order for *injunctive relief* to halt the illegal processes and procedures of Defendants in violation of the Fourth Amendment to the United States Constitution." ECF No. 9 at PageID.74 (emphasis added).

The twelfth affirmative defense does not explain the type of injunctive relief that Defendants posit Plaintiff seeks nor does it explain why such relief is moot. It does not plead facts other than those alleged by the plaintiff which, if proven, could defeat or mitigate the legal consequences of the Defendants' conduct. It is merely a legal conclusion.

## C.

Affirmative defenses 13 and 29 relate to the Amended Complaint's request for class certification. The thirteenth affirmative defense provides:

**13.  Plaintiff lacks standing as the named representative of a putative class action.**

This does not meet the *Twombly* and *Iqbal* pleading standard because it merely cites a legal conclusion that Plaintiff cannot qualify as a class representative under Rule 23. Rule 23 provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Pr. 23(a).

Defendants simply assert that Plaintiff does not qualify as a named representative of the putative class action. They make no effort to explain their rationale or demonstrate that Plaintiff does not meet the four criteria articulated in Rule 23.

More explanation is given in the twenty-ninth affirmative defense, but it is still deficient. It provides:

> **29. The Plaintiff's claims for class certification are barred by the absence of evidence of numerosity, the non-similarity and inconsistency of questions of law and fact, the absence of typicality between Plaintiff's claims and those of the putative class, the absence of evidence Plaintiff will fairly or adequately protect the interest of the class, and the absence of evidence that maintenance of this action, as a class action, is superior to any other method including of litigating these claims.**

The affirmative defense references in passing the Rule 23 criteria. However, it is still devoid of any, let alone the necessary, factual information.

**D.**

Affirmative defenses 14, 16, 17, and 18 make arguments related to the issue of whether chalking constitutes a search. The defenses provide:

> **14. The Defendants have taken no action in trespass upon constitutionally protected property rights to obtain any information which was not openly available to the public.**
>
> **16. The proofs may show Defendants have not physically occupied private property belonging to Plaintiff for the purpose of obtaining information.**
>
> **17. The Plaintiff has no reasonable expectation of privacy in the exterior of her vehicle and an examination of the exterior of Plaintiff's vehicle or license plate does not constitute a search.**
>
> **18. The visual observation of Plaintiff's vehicle, tires and/or license plate does not constitute a search.**

The Sixth Circuit has already determined that the chalking was a search. *Taylor v. City of Saginaw*, 922 F.3d 328, 332 (6th Cir. 2019) ("[Y]es, chalking is a search for Fourth Amendment purposes."). Despite this fact, affirmative defenses 14, 16, 17, and 18 all seek to establish that there was no search. Such a conclusion would be in direct opposition to the law of the case as determined by the Sixth Circuit. Accordingly, challenges to its conclusion will not be entertained.

**E.**

Affirmative defenses 19-26 are also unnecessary. All relate to exceptions to the warrant requirement, but Defendants furnish no explanation of what they believe they need to prove or intend to prove factually to prevail on these arguments. The affirmative defenses provide:

> **19. The Plaintiff's claims are barred by the "automobile" exception to the warrant requirement.**
>
> **20. The Plaintiff's claims are barred by the probability of criminal activity and the individualized suspicion of wrongdoing, reasonable suspicion and probable cause.**
>
> **21. The Plaintiff's claims are barred by the "community caretaker" exception to the warrant requirement.**

**22.    The Plaintiff's claims are barred by the hazard, traffic impediment and public safety concerns, created by the illegal parking of her vehicle.**

**23.    The Plaintiff's claims are barred by the exigent circumstance exception to the warrant requirement.**

**24.    The Plaintiff's claims are barred by the administrative search exception to the warrant requirement.**

**25.    The Plaintiff's claims are barred by consent to search.**

**26.    The Plaintiff's claims are barred all [sic] by other exceptions to the warrant requirement.**

The Sixth Circuit concluded that further factual development was necessary to resolve the narrow question of whether chalking a tire qualifies as one of the exceptions to the warrant requirement. Defendants' litany of potential exceptions to the warrant requirement is devoid of any factual information and does not place Plaintiff or the Court on notice regarding the claims Defendants are presenting. Such generalized pleading does nothing to assist the Plaintiff or the Court in resolving the narrow issue that is before it on remand.

### F.

Affirmative defense 31 is a generalized defense seeking to reserve all unpled defenses. It provides:

**31.    Defendants hereby gives notice that should discovery support them, Defendants intend to rely on such other affirmative defenses as may be applicable, including but not limited to after acquired evidence.**

The thirty-first defense does not meet the standard of providing Plaintiff with fair notice of Defendants' defense. This "reservation to assert other unnamed defenses in the future does not satisfy that standard." *U.S. ex rel. Robinson-Hill v. Nurses' Registry and Home Health Corp.*, 2013 WL 1187000, at *3 (E.D. Ky. March 20, 2013); *see also Meyers*, 2019 WL 653807 at *6. Such a general reservation of rights also subverts Federal Rule of Civil Procedure 15 which requires a

party to obtain the opposing party's consent or the court's leave to amend its pleadings. Fed. R. Civ. Pr. 15(a)(2); *see also Paducah River Painting, Inc. v. McNational Inc.*, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011). If Defendants wish to present new affirmative defenses in the future, they may seek to amend their answer pursuant to Rule 15. However, they may not make a general reservation to add additional affirmative defenses.

## III.

Affirmative defenses 6, 7, 9, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, and 31 are deficient and will be stricken. Defendants were already granted an opportunity to remedy these affirmative defenses, but did not do so.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike affirmative defenses, ECF No. 34, is granted in part.

It is further **ORDERED** that affirmative defenses 6, 7, 9, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, and 31 within Defendant's answer to Plaintiff's amended complaint, ECF No. 32, are **STRICKEN**. Affirmative defenses 2, 5, and 11 survive as pled.

Dated: January 23, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge