# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

ALISON PATRICIA TAYLOR,

                                                    Case Number 17-cv-11067

                    Plaintiff,

                                                    Honorable Thomas L. Ludington

vs.


CITY OF SAGINAW and TABITHA HOSKINS,

                    Defendant.
_____/


**ORDER DENYING MOTION TO EXTEND DEADLINE FOR FILING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S
MOTION TO EXTEND DEADLINE TO FILE REPLY BRIEF**

On April 5, 2017, Plaintiff Alison Taylor filed a complaint alleging that the City of
Saginaw's practice of placing a chalk mark on parked cars while enforcing parking regulations
violated the Fourth Amendment. ECF No. 1. Taylor named the City of Saginaw and Tabitha
Hoskins, a City of Saginaw parking enforcement official, as Defendants. After Taylor filed an
amended complaint, ECF No. 9, Defendants filed a motion to dismiss. ECF No. 10. Defendants'
motion was granted and Plaintiff's complaint dismissed. ECF No. 14. Plaintiff appealed and on
April 22, 2019, the Sixth Circuit issued an opinion remanding the case. ECF No. 19.

## I.

The Court issued a new scheduling order, setting the dispositive motion deadline to March
11, 2020. ECF No. 38. On January 14, 2020, Plaintiff filed a motion for class certification. ECF
No. 47. On March 2, 2020, she filed a motion to "extend Plaintiff's deadline for the filing of her
summary judgment motion until after the class certification motion and after Defendant's
imminent motion for summary judgment is resolved." ECF No. 63 at PageID.998. She contends

that "[a]t least one appellate court 'urge[s] plaintiffs to exercise caution when seeking a ruling on the merits of an individual plaintiff's claim before the district court has ruled on class certification and given notice of the ruling to absent class members." *Id.* at PageID.997 (quoting *Costello BeavEx Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016)).

Plaintiff's motion will be denied. She has not demonstrated that determining class certification prior to addressing dispositive motions and thus the merits of the claims would aid in a timely resolution of the case. Class certification can be a lengthy process consuming time and resources. If Plaintiff's claims are still viable after resolution of the dispositive motions, then the motion for class certification will be addressed.

Furthermore, it is Defendants, not Plaintiff, who take the greater risk by moving for summary judgment prior to resolution of the motion for class certification. The Sixth Circuit has explained:

> When the defendant moves for and obtains summary judgment before the class has been properly notified, the defendant waives the right to have notice sent to the class, and the district court's decision binds only the named plaintiffs. 'In such a situation, the defendants…assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants.'

*Faber v. Ciox Health, LLC*, 944 F.3d 593, 602 (6th Cir. 2019) (quoting *Schwarzschild v. Tse*, 69 F.3d 292, 295 (9th Cir. 1995)) (citations omitted). Defendants have not asked that dispositive motions be postponed. To the contrary, they have filed their motion for summary judgment. Defendants, not Plaintiff, have shouldered the greater risk.

The dispositive motion deadline will remain March 11, 2020.

**II.**

On February 16, 2020, Plaintiff filed a "Motion for Issuance of Spoliation Sanction Order," due to "the destruction and non-production of the photographs of chalked tires formerly held by the City of Saginaw." ECF No. 56. Defendants filed a response on February 24, 2020. ECF No. 60. Two days later, Plaintiff filed a motion for a two-week extension to file a reply to Defendants' response "to allow the parties time to attempt to resolve the matter and perhaps make production of the 100,000+ photographs unneeded." ECF No. 62 at PageID.994. Plaintiff represents that Defendants do not object to Plaintiff's motion to extend her reply brief deadline.

Plaintiff's motion will be granted in part. Her reply brief deadline will be March 13, 2020.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's motion to extend her dispositive motion deadline, ECF No. 63, is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to extend the deadline of her reply to Defendant's response to her motion for spoliation, ECF No. 62, is **GRANTED IN PART**. Her reply brief is due **March 13, 2020**.

Dated: March 10, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge