UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALISON PATRICIA TAYLOR,

                            Case Number 17-cv-11067

        Plaintiff,

                            Honorable Thomas L. Ludington

vs.

CITY OF SAGINAW and TABITHA HOSKINS,

        Defendant.
_____/

**ORDER DENYING MOTION FOR SANCTIONS**

On April 5, 2017, Plaintiff Alison Taylor filed a complaint alleging that the City of Saginaw's practice of placing a chalk mark on parked cars while enforcing parking regulations violated the Fourth Amendment. ECF No. 1. Taylor named the City of Saginaw and Tabitha Hoskins, a City of Saginaw parking enforcement official, as Defendants. After Taylor filed an amended complaint, ECF No. 9, Defendants filed a motion to dismiss. ECF No. 10. Defendants' motion was granted and Plaintiff's complaint dismissed. ECF No. 14. Plaintiff appealed and on April 22, 2019, the Sixth Circuit issued an opinion remanding the case. ECF No. 19.

**I.**

On February 16, 2020, Plaintiff filed a "Motion for Issuance of Spoliation Sanction Order," due to "the destruction and non-production of the photographs of chalked tires formerly held by the City of Saginaw." ECF No. 56.

Defendants filed a response on February 24, 2020. ECF No. 60. They explained that Plaintiff's counsel had arrived at Saginaw City Hall on February 14, 2020 to inspect the photographs in question. Defendants' brief provides:

> Initially, it appeared that photographs were missing from the City's files. When Plaintiff searched for certain photographs attached to specific ticket numbers, no photographs were found in the "Pegasus" program. After the initial inspection, the City and their counsel conferred regarding where the lost photographs were and it was discovered that the photographs were stored in a separate program, "Complus."…Accordingly, Defense counsel is happy to arrange a reasonable time for Plaintiff's counsel to inspect the photographs. The photographs have not been lost or destroyed; they were simply available on a different program.

ECF No. 60 at PageID.896-97.

Two days after Defendants filed their response, Plaintiff filed a motion for a two-week extension to file a reply to Defendants' response "to allow the parties time to attempt to resolve the matter and perhaps make production of the 100,000+ photographs unneeded." ECF No. 62 at PageID.994. Plaintiff represented that Defendants did not object to Plaintiff's motion to extend her reply brief deadline. Plaintiff's motion was granted in part and her reply brief deadline set for March 13, 2020.

However, Plaintiff did not file a reply, despite the Court granting in part her motion for an extension. Instead, three weeks after the expiration of her extended deadline for filing a reply, she filed a stipulation that sought to resolve the motion. It provided "resolution of the motion is conditioned strictly on the Court entering the full relief as presented." It was followed by an order that made multiple findings of fact regarding Plaintiff's attempts to secure the photographs in question. It further provided:

> As a condition of resolution, the Court will, upon resolution of the motion for summary judgment (provided the Court has not terminated the case), reopen discovery solely to for the purpose of Defendants being issued and answering the following interrogatory

The referenced interrogatory sought information regarding "each and every over-the-time City of Saginaw parking ticket number which is asserted by Defendant(s) to have been issued without the use of tire chalking by parking enforcement officials from April 5, 2014 to April 24, 2019."

The Court rejected the stipulation and directed Plaintiff to file a reply to Defendants' response. ECF No. 69. It noted that Plaintiff's motion for spoliation was presumably moot because Defendants offered to furnish the photographs in question.

In her reply, Plaintiff explained that:

> Sometime after Defendants' response to the motion for spoliation was filed, Defendants' counsel simply dropped off a large USB drive containing tens of thousands of photographs. The computer files are each in an improper computer graphic format. Through the technical skill of Plaintiff's counsel, the photographs are viewable after editing each one-by-one after being converted manually. No explanation was provided what happened to the originals, how these replacements were located or compiled, and no signed attestation was provided that these files were, in fact, everything.
>
> At this point, admittedly, the issue of full spoliation has been somewhat alleviated with the re-fabricated, reconstructed files.

ECF No. 70 at PageID.1294-95.

The Court then ordered Defendants to submit supplemental briefing and explain how their actions comported with Federal Rule of Civil Procedure 34, requiring a party to furnish electronic discovery in a "reasonably usable form." Fed. R. Civ. P. 34(a). Defendants filed their supplemental brief and claimed that contrary to Plaintiff's assertion, the images on the USB drive were searchable and easily accessible. They explain that, "Plaintiff can find and view any ticket she wants by opening the USB drive, clicking on the ticket number, and then opening the file. Because this format is simple, straightforward, and easily searchable, the photographs were all provided in a reasonably useable format." ECF No. 73 at PageID.1356. The Defendant's included a screenshot of the USB drive display which provided the images as BMP files and labelled each image with its corresponding ticket number. *Id.* Furthermore, Defendants claim that they provided the files to Plaintiff in the same format that Defendants had received them.

Defendants furnished Plaintiff with the requested discovery in a "reasonably usable form." Plaintiff's counsel has in their possession the images. They are orderly stored as individual files on the USB drive and labelled with their corresponding ticket numbers.

Plaintiff's counsel has demonstrated in the past that they are technologically literate and capable of performing tasks much more complex than viewing images on a USB drive. For example, in their reply brief, Plaintiff's counsel embedded two separate active hyperlinks into the body of their brief. When selected, each hyperlink led to a video that Plaintiff's counsel had uploaded to the online video platform YouTube. The videos appeared on Plaintiff's counsel's firm's YouTube channel "Outside Legal Counsel PLC" which has 89 subscribers. Additionally, Plaintiff's counsel had the prowess and expertise to make the video "Unlisted" rather than "Public." Such actions demonstrate that Plaintiff's counsel have the technological understanding and resources to perform moderate to complex operations on the computer. Searching and viewing images on a USB drive requires only a rudimentary understanding and as such, should not be excessively onerous for Plaintiff's counsel to accomplish.

## II.

Accordingly, it is **ORDERED** that Plaintiff's "Motion for Issuance of Spoliation Sanction Order" ECF No. 56, is **DENIED**.

Dated: June 1, 2020        s/Thomas L. Ludington
                           THOMAS L. LUDINGTON
                           United States District Judge